# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMOS JAMES SINGLETON, | Civil No. 3:17-cv-220 |
| Plaintiff | (Judge Mariani) |
| v. | |
| DR. ROBERT BEADLE, et al., | |
| Defendants | |

## MEMORANDUM

I. **Background**

Plaintiff Amos James Singleton ("Plaintiff"), an inmate currently confined at the State Correctional Institution at Benner, in Bellefonte, Pennsylvania ("SCI-Benner") filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The remaining claims are allegations that Defendants Beadle and Habovich violated Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights by failing to provide him with adequate dental care.

Presently pending before the Court is Plaintiff's motion to appoint counsel. (Doc. 47). For the reasons set forth below, the motion will be denied without prejudice.

II. **Discussion**

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v.*

*Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 F. App'x 153 (3d Cir. 2007).

On May 30, 2017, the Court previously denied similar motions for appointment of counsel filed by Plaintiff. (*See* Docs. 25, 26). Since the entry of that Order, Plaintiff has continued to demonstrate a reasonable ability to litigate this action *pro se*. Furthermore, his latest motion fails to set forth sufficient special circumstances or factors which would warrant the appointment of counsel. See *Tabron*, 6 F.3d at 153, 155-57. Plaintiff bases his motion on the inability to afford counsel, the alleged complexity of the case, and his limited ability to litigate this case due to his incarceration. (Doc. 47). Thus far, Plaintiff has demonstrated the ability to properly and forcefully prosecute his claims. Despite Plaintiff's incarceration, investigation of the facts is not beyond his capabilities and he is familiar with the facts of his case. Moreover, the Court notes that it does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motions for appointment of counsel will be denied, however the denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider

appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

A separate Order shall issue.

Date: January 8, 2019

Robert D. Mariani
United States District Judge