# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMOS JAMES SINGLETON, | Civil No. 3:17-cv-220 |
| Plaintiff | (Judge Mariani) |
| v. | |
| DR. ROBERT BEADLE, et al., | |
| Defendants | |

## MEMORANDUM

### I. Background

Plaintiff Amos James Singleton ("Plaintiff"), an inmate currently confined at the State Correctional Institution at Benner, in Bellefonte, Pennsylvania ("SCI-Benner") filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The remaining claims are allegations that Defendants Beadle and Habovich violated Plaintiff's constitutional rights by failing to provide him with adequate dental care.

Plaintiff filed his complaint on February 6, 2017. (Doc. 1). On April 15, 2017, Defendants filed a motion for extension of time to respond to Plaintiff's complaint. (Doc. 11). On April 24, 2017, the Court granted Defendants' motion for extension of time. (Doc. 14). On May 11, 2017, Defendants filed an answer to the complaint. (Doc. 16).

On May 25, 2017, Plaintiff filed a motion for default judgment, wherein he argued that Defendants' request for extension of time to answer the complaint was sought in bad faith. (Doc. 22). On February 15, 2018, the Court denied Plaintiff's motion for entry of

default judgment. (Doc. 35). Presently before the Court is Plaintiff's motion for reconsideration of the Court's Order dated February 15, 2018 denying the motion for default judgment. (Doc. 39).

On June 1, 2017, Defendants filed a motion for partial summary judgment. (Doc. 27). On February 26, 2018, the Court granted Defendants' motion for partial summary judgment. (Docs. 36, 37). Presently before the Court is Plaintiff's motion for reconsideration of the Court's Order dated February 26, 2018 granting partial summary judgment in favor of Defendants. (Docs. 38, 40).

For the reasons set forth below, the Court will deny Plaintiff's motions for reconsideration.

## II. Motion for Reconsideration Standard of Review

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999), citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. Discussion

First, Plaintiff requests that the Court reconsider its Order dated February 26, 2018 granting partial summary judgment in favor of Defendants. (Docs. 38, 40). In the February 26, 2018 Memorandum and Order, the Court granted summary judgment to Defendants Bopp and Ferguson based on Plaintiff's failure to exhaust his administrative remedies with

respect to any claims against them, and because Plaintiff's claims against Defendants Bopp and Ferguson failed as a matter of law because the claims were based solely on their involvement in the prison grievance procedure. In the present motion for reconsideration, Plaintiff simply rehashes arguments that were included in his prior filings and already considered by the Court. Plaintiff again acknowledges that he did not include any claims against Defendants Bopp and Ferguson in his initial grievance, but asserts that his claims against Bopp and Ferguson were related to the claims in the initial grievance. Plaintiff also again argues that Defendants Bopp and Ferguson erred in their grievance determinations and findings. Because these arguments were already raised and considered, the Court finds that Plaintiff fails to establish any grounds warranting reconsideration of the February 15, 2018 Memorandum and Order.

Second, Plaintiff requests that the Court reconsider its Order dated February 15, 2018 denying his motion for entry of default judgment. (Doc. 39). In the motion for default judgment, Plaintiff requested default against Defendants based on their request for an extension of time to file an answer to the complaint, which Plaintiff claimed was sought in bad faith. On February 15, 2018, the Court denied Plaintiff's motion for entry of default judgment. (Doc. 35). The Court found that Defendants sought, and were granted, an enlargement of time to answer or otherwise respond to Plaintiff's complaint, and Defendants subsequently timely filed an answer to the complaint. In the present motion for

4

reconsideration, Plaintiff again argues that Defendants' request for an extension of time to answer the complaint was in bad faith. Plaintiff set forth the same argument in his prior filings, and the Court already considered this argument. Thus, the Court finds that Plaintiff fails to establish any grounds warranting reconsideration of the February 15, 2018 Order.

## IV. Conclusion

In the motions for reconsideration, Plaintiff fails to advance an intervening change in controlling law, to present newly found evidence, or to establish that a clear error of law or fact exists. Nor does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Consequently, Plaintiff has failed to demonstrate a need to reconsider the February 15, 2018 and February 26, 2018 Orders. The Orders are not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected the decisions. Consequently, the motions for reconsideration will be denied.

A separate Order shall issue.

Date: January ___, 2019

Robert D. Mariani
United States District Judge