# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMOS JAMES SINGLETON, | Civil No. 3:17-cv-220 |
| Plaintiff | (Judge Mariani) |
| v. | |
| DR. ROBERT BEADLE, et al., | |
| Defendants | |

## MEMORANDUM

I. **Background**

Plaintiff Amos James Singleton ("Plaintiff"), an inmate currently confined at the State Correctional Institution at Benner, in Bellefonte, Pennsylvania ("SCI-Benner") filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The remaining claims are allegations that Defendants Beadle and Habovich violated Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights by failing to provide him with adequate dental care.

Presently pending before the Court are two identical motions to compel discovery filed by Plaintiff. (Docs. 50, 51). For the reasons set forth below, the Court will deny the motions.

II. **Standard of Review**

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. See FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a

particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947). The procedural rule defining the scope and limits of discovery provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside

the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(c).

## III. <u>Discussion</u>

In the instant motions to compel discovery, Plaintiff requests that the Court order Defendants to provide him with free copies of all of his dental records from the year 2000 to the present. (Docs. 50, 51). Plaintiff contends that because he is indigent, he cannot afford to copy all of the requested documents. (*Id.*). As such, it is apparently Plaintiff's belief that he is being deprived of access to the requested discovery materials. Plaintiff, however, is mistaken. Federal Rule of Civil Procedure 34 requires Defendants to "produce and permit the requesting party . . . to inspect [and] copy . . . any designated documents." FED. R. CIV. P. 34(a)(1)(A). The Rule does not require Defendants to provide those copies free of charge.

Defendants represent that they have provided Plaintiff with a copy of the pertinent dental records, free of charge. (Doc. 52, p. 3). Additionally, Plaintiff can inspect any additional dental records by simply complying with the Department of Corrections' policy. (*Id.*). He has the ability to copy any documents he wishes for a photocopying charge, and may review and take notes on any documents he wishes. Plaintiff's access to the requested discovery materials is not being impeded by Defendants. It is not Defendants' responsibility to provide copies of the documents to Plaintiff free of charge. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 445 (3d Cir. 1982) (holding that even prisoners proceeding *in*

3

*forma pauperis* are expected to pay for the incidental costs of their litigation). Indeed, it is well-settled that litigants generally bear their own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987). "There is no provision in the statute [28 U.S.C. § 1915(b)] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron*, 6 F.3d at 159; *see also Victor v. Lawler*, 2010 WL 2326248, *3-*4 (M.D. Pa. 2010) (the law is well-settled that *pro se* litigants must pay for the expenses involved in their civil actions); *Toliver v. Community Action Commission to Help the Economy, Inc.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) ("[t]here [is] no clear statutory authority for prepayment of discovery costs" pursuant to 28 U.S.C. § 1915). Accordingly, Plaintiff's request for free copies of his dental records will be denied.

III. **Conclusion**

Based on the foregoing, Plaintiff's motions to compel (Docs. 50, 51) will be denied. A separate Order shall issue.

Date: January 10, 2019

Robert D. Mariani
United States District Judge

4