## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS JAMES SINGLETON, | : | Civil No. 3:17-cv-220 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| DR. ROBERT BEADLE, *et al.*, | : | |
| | : | |
| Defendants | : | |

**FILED**
**SCRANTON**

JUN 2 5 2020

PER _____

DEPUTY CLERK

## MEMORANDUM

### I.    Factual and Procedural Background

Plaintiff Amos Singleton ("Singleton"), an inmate who was housed at all relevant times at the Benner Township State Correctional Institution, in Bellefonte, Pennsylvania ("SCI-Benner Township"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1).  Singleton alleged that Defendants violated his constitutional rights by failing to provide him with adequate dental care.  Specifically, in March 2015, Singleton met with dental staff in preparation for dentures and to have two teeth filled for cavities.  (Doc. 58 ¶ 8).  He understood that dental staff were not planning on pulling any teeth that day.  (*Id.* at ¶ 9).  Dr. Beadle repaired the cavities and just "went in there" and pulled out a tooth.  (*Id.* at ¶ 5).  Singleton reported that the tooth pulled was a healthy tooth.  (*Id.* at ¶ 13).  Pulling the tooth was an accident.  (*Id.* at ¶ 14).  Singleton subsequently underwent throat surgery, and that surgeon, not involved in this litigation, knocked out one tooth and damaged another

one. (*Id.* at ¶ 28). Singleton was scheduled to receive new dentures by December 2018. (*Id.* at ¶ 29).

Discovery concluded, and Defendants moved for summary judgment. By Memorandum and Order dated July 23, 2019, the Court entered judgment in favor of all Defendants and closed this case. (Docs. 78, 79). Presently pending before the Court is Singleton's motion (Doc. 82) for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the Court will deny the motion.

## II.   <u>Legal Standard</u>

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances. *See* FED. R. CIV. P. 60(b); *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The decision to grant or deny relief pursuant to Rule 60(b) lies in the "sound discretion of the trial court", and is guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Associates, Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances, *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

Federal Rule of Civil Procedure 60(b) provides six grounds for vacating a final judgment: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that

justifies relief." FED. R. CIV. P. 60(b)(1)-(6).

## III.   Discussion

Singleton seeks relief from judgment pursuant to Federal Rule of Civil Procedure

60(b)(1), (2), and (3). (Docs. 82, 87). Singleton has fallen short of showing mistake, newly

discovered evidence, or fraud, that would warrant relief pursuant to Rule 60(b)(1), (2), or (3).

His motion is devoid of support that would justify reopening the judgment. Instead,

Singleton reargues many of the claims he previously raised, while also attacking the District

Court opinion that rejected those claims. (Doc. 82, p. 2).

### A.   Rule 60(b)(1)

Rule 60(b)(1) provides relief from an order on the basis of "mistake, inadvertence,

surprise, or excusable neglect." It seems that Singleton contends the Court erred or made a

mistake by failing to consider Defendants' continued deliberate indifference to his pain after

undergoing throat surgery in May 2018. The allegations of the complaint pertain to a dental

procedure that Singleton underwent in 2015. There are simply no allegations in the

complaint that Defendants exhibited deliberate indifference in 2018. (See Doc. 1).

Moreover, in the July 23, 2019 Memorandum, the Court found that there was no evidence

showing that Singleton was diagnosed as needing dentures, as having a serious medical

need with respect to a need for dentures, or that he was deprived of any dental treatment.

3

(Doc. 78, pp. 16-17).  The Court further found that Singleton's claims did not rise to the level of deliberate indifference because the pulling of his tooth was an accident and unplanned.[1] (*Id.* at pp. 17-19).  Singleton has not established any mistake by the Court that would warrant relief from judgment pursuant to Rule 60(b)(1).

**B.    Rule 60(b)(2)**

Rule 60(b)(2) provides that a party may file a motion for relief from a final judgment based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Newly discovered evidence pursuant to Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Compass Tech., Inc. v. Tseng Lab., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) (citation omitted).

In the instant case, Singleton's motion fails on all three grounds.  Singleton's "newly discovered" evidence consists of medical notes by staff at the Mount Nittany Health Surgical Center.  Singleton also lodges new claims of deliberate indifference against the Defendants based on these notes.  However, these medical notes from the Mount Nittany Health Surgical Center were available during summary judgment and Singleton attached some of

---

[1]    Although the Court found that Singleton's claims failed to meet the stringent deliberate indifference standard, it was noted that Dr. Beadle's conduct raised serious issues of medical malpractice that could potentially be pursued under state law.  (Doc. 78, p. 19).

these medical records to his brief in opposition to Defendants' motion for summary judgment. (Doc. 63, pp. 15-19). As such, these medical notes are cumulative of evidence submitted by Singleton in the past, and this evidence was presumably known to Singleton throughout this litigation. Finally, this evidence would not have likely changed the outcome of these proceedings if presented at an earlier stage in litigation. In sum, Singleton has not presented any newly discovered evidence that was not previously available to him and his motion fails to illustrate any of the substantive grounds necessary to relieve him from a judgment pursuant to ground (b)(2).

### C. Rule 60(b)(3)

Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." In order to warrant relief under Rule 60(b)(3), Singleton must provide "clear and convincing evidence" showing that "the adverse party engaged in fraud or other misconduct, and . . . this conduct prevented the moving party from fully and fairly presenting his case." *Floorgraphics Inc. v. News Am. Marketing In-Store Servs., Inc.*, 434 F. App'x 109, 112 (3d Cir. 2011). Here, Singleton asserts that Dr. Beadle falsified his dental records because the 2018 medical records from Mount Nittany do not state the same details. (Doc. 82, p. 3). Singleton's conclusory allegation that Dr. Beadle falsified the dental records does not meet his burden to prove fraud. The record does not support Singleton's assertions of fraud and

he has not established any fraud by Defendants that would warrant relief from judgment pursuant to Rule 60(b)(3).

## IV.   Conclusion

For the reasons set forth above, the Court will deny Singleton's motion (Doc. 82) for relief from judgment.  A separate Order follows.


Robert D. Mariani
United States District Judge


Dated: June 25, 2020